**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GARY LEE SMITH,
# 52962-019,**

    **Plaintiff,**

**vs.**                                   **Case No. 4:18cv86-RH/CAS**

**SENATOR BILL NELSON, and
REPRESENTATIVE NEAL DUNN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, is a federal prisoner currently confined in Marianna, Florida. Plaintiff has attempted to file a case in this Court on February 8, 2018, by submitting a civil complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. Plaintiff contends that his constitutional rights have been violated because Defendants Nelson and Dunn have failed "to call a constitutional convention as required by Article V of the United States Constitution." ECF No. 1 at 1.

First, Plaintiff's complaint cannot proceed because it does not comply with Rule 11. Rule 11(a) provides that all pleadings, motions, and other

papers "must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The Rule also provides that a "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* This case cannot proceed on Plaintiff's unsigned complaint. Therefore, Plaintiff's recently submitted motion for service, ECF No. 4, must be denied.

Second, judicial notice is taken that Plaintiff has previously filed a number of cases in federal court. Three cases in particular must be noted for the purpose of determining whether Plaintiff's motion for in forma pauperis status should be granted. 28 U.S.C. § 1915.[1]

Plaintiff initiated case number 5:05cv144-WTH-GRJ in the United States District Court, Middle District of Florida, Ocala Division. The case was dismissed for failure to prosecute in late October 2005. Plaintiff filed an appeal, but the Eleventh Circuit Court of Appeals dismissed his appeal

---

[1] Section 1915 contains "a special 'three strikes' provision [which] prevents a court from affording in forma pauperis status where the litigant is a prisoner and he or she 'has, on 3 or more prior occasions, while incarcerated ..., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" Coleman v. Tollefson, 135 S. Ct. 1759, 1761, 191 L. Ed. 2d 803 (2015) (quoting 28 U.S.C. § 1915(g)).

Case 4:18-cv-00086-RH-CAS   Document 5   Filed 04/18/18   Page 3 of 5

Page 3 of 5

as frivolous.  ECF No. 27 of case # 5:05cv144.  This dismissal counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

Plaintiff also initiated case number 5:04cv339-WTH-GRJ in the Middle District of Florida.  That case was dismissed for failing to exhaust administrative remedies.  ECF No. 8 of that case.  Such a dismissal also counts as a strike because when a prisoner's claims are unexhausted, the complaint fails to state a claim.  Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Additionally, Plaintiff initiated case number 0:06cv61706 in the Southern District of Florida.  ECF No. 3 of that case.  It was dismissed for lack of subject matter jurisdiction.  Because such a dismissal necessarily means the case was "'without arguable merit' either factually or legally," such a dismissal means the case was frivolous.  Davis v. Ryan Oaks Apartment, 357 F. App'x 237, 238-39 (11th Cir. 2009) (citing Sun v. Forrester, 939 F.2d 924 (11th Cir. 1991)).

Plaintiff has had three prior cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  Thus, Plaintiff is not entitled to in forma pauperis status.  28 U.S.C. § 1915(g).  Plaintiff has



three qualifying dismissals and does not allege he is under imminent danger of serious physical injury. Instead, he challenges the actions, or inactions, of persons who are in Congress. Plaintiff's in forma pauperis motion should be denied and this case dismissed. Dismissal should be without prejudice to Plaintiff making the same allegations in a complaint for which he pays the full $400.00 filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's motion for service, ECF No. 4, be **DENIED** along with any other pending motions, and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee. It is also **RECOMMENDED** that the Order adopting this

Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 18, 2018.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv86-RH/CAS